Filed 9/23/14  P. v. Vargas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252072 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401370) |
| v. | |
| GIOVANNI VARGAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Giovanni Vargas of one count of attempted robbery (Pen. Code, §§ 664/211) and two counts of resisting, obstructing or delaying a police officer (Pen. Code, § 148, subd. (a)(1)).[1] In a court trial, the trial court found true the allegations of a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction ( § 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)). The court sentenced appellant to a total term of 9 years in state prison. In this appeal from the judgment, appellant contends that the trial court erred in failing to conduct an evidentiary hearing regarding his allegation of ineffective assistance of counsel in his motion for new trial. We disagree and affirm the judgment.

## FACTUAL BACKGROUND

On August 12, 2012, around 5:30 p.m., Miguel Velasquez returned to his home after a bicycle ride. He was in front of his home, placing his bicycle and other equipment in his car, when appellant, who was shirtless, ran toward him and asked in Spanish for money.[2] Velasquez noticed appellant had a tattoo on his arm and smelled of alcohol. Velasquez said he had no money and began backing away.

Appellant turned his attention to Velasquez's neighbor, who was fixing his car across the street, but the neighbor pulled out a metal bar to scare appellant away. Appellant then grabbed Velasquez's bicycle. Velasquez said, "It's my bike," and began struggling with appellant. They both fell to the ground, and appellant kicked Velasquez in the knees and punched him in the head. Two other men approached and also started punching Velasquez. Velasquez's neighbor

---

[1]     All further statutory references are to the Penal Code.

[2]     Velasquez identified appellant at trial.

2

yelled that he was going to call the police. The two other men ran away. Appellant tried to take the bicycle again, but was unable to take it from Velasquez's grasp, and ran away.

Velasquez went inside his apartment to clean his injuries. When he went outside to move his car approximately 30 minutes later, he saw appellant and one of the two men who attacked him walking toward him down the street. Velasquez quickly went back inside his apartment. When he returned outside a few minutes later, Los Angeles Police Department Officers Rudy Guzman and Alvaro Ramos, who responded to the call about the incident, were already there. Velasquez pointed to appellant and his companion, who were walking down the street, and told the officers they were his assailants.

Officer Guzman handcuffed appellant, who stated that he "didn't do it," and that he appeared injured because he fell off a skateboard. The officers arrested appellant and transported him to the police station. On the way, appellant unfastened his seat belt, began kicking the car door, and yelled for help. When they arrived at the police station, appellant jumped out of the car, landed on the ground, and began spitting. The officers placed a spit mask over his face and lifted him to his feet, but appellant became dead weight. Appellant then walked into the police station and kicked Officer Ramos. The officers then put him in leg restraints.

## DISCUSSION

Before trial commenced, appellant made a *Marsden* motion for substitution of counsel. (*People v. Marsden* (1970) 2 Cal.3d 118.) In the hearing on the motion, appellant stated that "there's certain things that haven't been brought up that need to be brought up." In response, defense counsel stated that appellant had raised the possibility of other witnesses, but that counsel had interviewed all the

3

witnesses, including a friend of appellant's who was not present at the beginning of the incident. Appellant also stated that he wanted counsel to make a *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) and to obtain records of telephone calls to the police and police radio transmissions. Defense counsel replied that she had explained to appellant that she had requested the phone calls and transmissions from the prosecutor, and that a *Pitchess* motion was not relevant to the attempted robbery charge because there were no police officers present at the time of the incident. The court denied the *Marsden* motion.

After the jury convicted appellant and he waived his right to a jury trial on the prior convictions, he asked to represent himself for the remainder of the case. On March 12, 2013, the court granted the request, and thereafter in a court trial found the priors allegations true. Pending sentencing, the matter was continued several times while appellant made requests for items such as the trial transcript, documents, auxiliary funds, an investigator, and legal supplies. He ultimately filed a motion for a new trial, alleging (as here relevant) that his trial counsel was ineffective because: (1) she failed to present the affirmative defense of mutual combat and self-defense; (2) she refused to permit him to take the stand; (3) she did not call a material witness, Arthur Gazanichian, to testify; (4) she did not obtain photographs of his defensive injuries; (5) she failed to highlight his intoxication during the altercation; and (6) she failed to challenge the sufficiency of the evidence.

The hearing on the new trial motion and sentencing was held on October 21, 2013. In denying the motion for new trial, the trial court declined to consider the allegations of ineffective assistance of counsel because they concerned matters outside the record. Appellant contends that the trial court erred in failing to conduct an evidentiary hearing on the allegations. We disagree.

4

"'We review a trial court's ruling on a motion for a new trial under a deferential abuse-of-discretion standard.' [Citations.] '"A trial court's ruling on a motion for new trial is so completely within that court's discretion that a reviewing court will not disturb the ruling absent a manifest and unmistakable abuse of that discretion."' [Citations.]" (*People v. Thompson* (2010) 49 Cal.4th 79, 140; *People v. Hayes* (1999) 21 Cal.4th 1211, 1260-1261 (*Hayes*).)[3] Section 1181 sets forth the grounds for a new trial following a verdict against the defendant. (*People v. Fosselman* (1983) 33 Cal.3d 572, 582 (*Fosselman*).) Although ineffective assistance of counsel is not an enumerated statutory ground, *Fosselman* held that such a claim may be asserted as a basis for a new trial. (*Id.* at pp. 582-583.)

The California Supreme Court has "explained that 'the trial court should consider a claim of ineffective assistance of counsel in a motion for new trial . . .' when the '"issue of counsel's effectiveness can be resolved promptly at the trial level"' and justice will . . . thereby be expedited. [Citation.] 'But our assumption has been that courts would decide such claims in the context of a motion for new trial when the court's own observation of the trial would supply a basis for the court to act expeditiously on the motion. . . . "It is undeniable that trial judges are particularly well suited to *observe courtroom performance* and to rule on the adequacy of counsel in criminal cases tried before them. [Citation.] Thus, in appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is

---

[3] Respondent relies on *Hayes* to argue that appellant forfeited his claim by failing to request an evidentiary hearing. However, as appellant argues, the trial court made it clear that it would not hold a hearing when it stated that it would not litigate the ineffective assistance of counsel claim because it would require a determination of matters outside the record.

*able* to determine the effectiveness issue on such motion, it should do so.'" [Citation.]" (*People v. Carrasco* (2014) 59 Cal.4th 924, 981 (*Carrasco*).)

On the other hand, where justice will *not* be expedited by determining the ineffective assistance of counsel claim on a new trial motion, the trial court does not abuse its discretion by declining to determine the effectiveness issue. "[I]n [*People v. Cornwell* (2005) 37 Cal.4th 50, overruled in part on other grounds by *People v. Doolin* (2009) 45 Cal.4th 390, 421], [the Supreme Court] held that the trial court acted within its discretion in concluding the claim could not be readily resolved but rather should be litigated in a habeas corpus proceeding. [Citation.] The matter in *Cornwell* 'would have been delayed for at least six months while substitute counsel examined trial counsel's case records and performed additional investigation concerning witnesses who did not appear at trial and evidence that was not in the record, in order to decide whether to make a motion for new trial.' [Citation.]" (*Carrasco*, *supra*, 59 Cal.4th at p. 981.)

Here, all but one of appellant's claims – the exception being counsel's purported failure to challenge the sufficiency of the evidence – "'rested primarily upon matters other than what the trial court could have observed during trial' [citation] . . . ." (*Carrasco*, *supra*, 59 Cal.4th at p. 981.) Appellant argued that counsel was ineffective for failing to present the affirmative defense of mutual combat and self-defense, interfering with his right to testify, not calling a material witness, Arthur Gazanichian, not obtaining photographs of his defensive injuries, and failing to highlight his intoxication during the altercation. Resolution of all of these matters would have required evidence not in the record concerning what additional evidence, if any, was available at trial, defense counsel's consultations with appellant, and defense counsel's tactical decisions in proceeding as she did. Obviously, they could not have been resolved on the trial record alone. The sole

6

remaining ground of alleged ineffectiveness – that counsel did not challenge the sufficiency of the evidence – was belied by the record. At the close of the prosecution's case, defense counsel moved to dismiss for insufficiency of the evidence under section 1118.1. The trial court denied the motion. Under these circumstances, the trial court did not abuse its discretion in declining to hold an evidentiary hearing on the ineffective assistance claim. Rather, if appellant wishes to pursue the claim, habeas corpus is the proper method. "Usually, ineffective assistance of counsel claims are properly decided in a habeas corpus proceeding rather than on appeal. [Citation.] For this reason, 'the rules generally prohibiting raising an issue on habeas corpus that was, or could have been, raised on appeal [citations] would not bar an ineffective assistance claim on habeas corpus.' [Citation.]" (*Carrasco*, *supra*, 59 Cal.4th at pp. 980-981.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.                    EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7